E-FILED
Tuesday, 31 December, 2024  10:22:48 PM
Clerk, U.S. District Court, ILCD

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law. You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. Perform these duties fairly and impartially. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Defendant's Proposed Instruction No. 1
*7th Cir. Pattern 1.01*

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Defendant's Proposed Instruction No. 2
7th Cir. P. I. 1.02

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Defendant's Proposed Instruction No. 3
7th Cir. P. I. 1.04

Certain things are not to be considered as evidence. I will list them for you:

If I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

The lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Defendant's Proposed Instruction No. 4
7th Cir. P. I. 1.06

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Defendant's Proposed Instruction No. 5
7th Cir. P. I. 1.07

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Defendant's Proposed Instruction No. 6
7th Cir. P. I. 1.08

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Defendant's Proposed Instruction No. 7
7th Cir. P. I. 1.09

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Defendant's Proposed Instruction No. 8
7th Cir. P. I. 1.11

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Defendant's Proposed Instruction No. 9
7th Cir. P. I. 1.12

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

Defendant's Proposed Instruction No. 10
7th Cir. P. I. 1.13

It is proper for a lawyer to meet with any witness in preparation for trial.

Defendant's Proposed Instruction No. 11
7th Cir. P. I. 1.16

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Defendant's Proposed Instruction No. 12
7th Cir. P. I. 1.17

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Defendant's Proposed Instruction No. 13
7th Cir. P. I. 1.18

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Defendant's Proposed Instruction No. 14
7th Cir. P. I. 1.27

If you decide for the defendant on the question of liability, then you should not consider the question of damages.

Defendant's Proposed Instruction No. 15
7th Cir. P. I. 1.31 (modified)

Plaintiff claims that he was retaliated against by Defendant in that Plaintiff was put on a performance improvement plan because he filed internal complaints he was discriminated against. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant retaliated against him because of his complaints. To determine that Plaintiff was retaliated against because of his complaints, you must decide that Defendant would not have placed him on a performance improvement plan if Plaintiff had not filed internal complaints but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

Defendant's Proposed Instruction No. 16
7th Cir. Pattern 3.02 (modified)

If you find for Plaintiff, you must then decide whether Defendant willfully violated the Age Discrimination in Employment Act. To show this, Plaintiff must prove by a preponderance of the evidence that Defendant knew that it was violating the Age Discrimination in Employment Act, or was indifferent to whether its actions violated the Age Discrimination in Employment Act, and not simply that Defendant was aware that it was engaging in age discrimination.

Defendant's Proposed Instruction No. 17
7th Cir. P. I. 3.06

If you find that Plaintiff has proved his claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove his claim, then you will not consider the question of damages.

Defendant's Proposed Instruction No. 18
7th Cir. Pattern 3.09

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

> The mental or emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Pinn for the injury she has sustained.

If you return a verdict in Plaintiff's favor, but he has failed to prove compensatory damages, then you must award nominal damages of $1.00.

Defendant's Proposed Instruction No. 19
7th Cir. Pattern 3.10 (modified)

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the Marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

Defendant's Proposed Instruction No. 20
7th Cir. P. I. 1.33

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Defendant's Proposed Instruction No. 23
7th Cir. P. I. 1.34

## Verdict Form

As to Louis Webster's claim of retaliation against the Illinois State Police, we find in favor of:

Louis Webster:_____          Illinois State Police:_____
                    (Choose One)

*If you find for Illinois State Police, sign this form and do not answer the other questions. If you find in Plaintiff's favor, answer the following question.*

What amount would fairly compensate Louis Webster for the mental or emotional pain he experienced as a result of the actions of the Department?

Answer: $_____

Sign, date, and return this Verdict Form.

Dated this _____ day of _____, 2025

_____          _____
        Foreperson

_____          _____

_____          _____

_____          _____