E-FILED
Wednesday, 08 January, 2025  03:50:17 PM
Clerk, U.S. District Court, ILCD

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law. You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them. Perform these duties fairly and impartially. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Webster 1
*7th Cir. Pattern 1.01*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Webster 2
*7th Cir. Pattern 1.02*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Webster 3
*7th Cir. Pattern 1.04*

Certain things are not to be considered as evidence. I will list them for you:

If I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

The lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Webster 4
*7th Cir. Pattern 1.06*

---

Withdrawn _____   Given _____   Given as Modified _____   Refused _____   Reserved _____

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Webster 5
*7th Cir. Pattern 1.07*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Webster 6
*7th Cir. Pattern 1.08*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Webster 7
*7th Cir. Pattern 1.09*

---

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Webster 8
*7th Cir. Pattern 1.11*

Withdrawn _____   Given _____   Given as Modified _____   Refused _____   Reserved _____

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Webster 9
*7th Cir. Pattern 1.12*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

Webster 10
*7th Cir. Pattern 1.13*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

It is proper for a lawyer to meet with any witness in preparation for trial.

Webster 11
*7th Cir. Pattern 1.16*

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Webster 12
*7th Cir. Pattern 1.17*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Webster 13
*7th Cir. Pattern 1.18*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Webster 14
*7th Cir. Pattern 1.2*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

In this case, Tony Webster has four separate claims against the Illinois State Police. You must give separate consideration to each claim in this case. Although there are four separate claims, it does not follow that your verdicts must be the same for each claim.

Webster 15
*7th Cir. Pattern 1.25 (modified)*

Tony Webster's first claim is brought under a federal law, the Civil Rights Act of 1964, against the Illinois State Police. In this claim, Webster alleges that he was placed on an Employee Action Plan ("EAP") in retaliation for filing a complaint of discrimination.

To determine if Webster was retaliated against by being placed on an EAP because he filed a complaint, you must decide that the Illinois State Police would not have placed him on the EAP had he not complained, but everything else remained the same.

If you find that Tony Webster has proved this by a preponderance of the evidence, then you must find for him as to his first claim. However, if you find that he did not prove this by a preponderance of the evidence, then you must find for the Illinois State Police.

Webster 16
*7th Cir. Pattern 3.02 (modified)*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

Tony Webster's second claim is brought under the same federal law, the Civil Rights Act of 1964, against the Illinois State Police. In this claim, Webster alleges that he was given negative ratings in retaliation for filing a complaint of discrimination.

To determine if Webster was retaliated against by receiving negative rations because he filed a complaint, you must decide that the Illinois State Police would not have downgraded his ratings had he not complained, but everything else remained the same.

If you find that Tony Webster has proved this by a preponderance of the evidence, then you must find for him as to his second claim. However, if you find that he did not prove this by a preponderance of the evidence, then you must find for the Illinois State Police.

Webster 17
*7th Cir. Pattern 3.02 (modified)*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

Tony Webster's third claim is brought under the same federal law, the Civil Rights Act of 1964, against the Illinois State Police. In this claim, Webster alleges that he was suspended in retaliation for filing a complaint of discrimination.

To determine if Webster was retaliated against by being suspended because he filed a complaint, you must decide that the Illinois State Police would not have suspended him had he not complained, but everything else remained the same.

If you find that Tony Webster has proved this by a preponderance of the evidence, then you must find for him as to his third claim. However, if you find that he did not prove this by a preponderance of the evidence, then you must find for the Illinois State Police.

Webster 18
*7th Cir. Pattern 3.02 (modified)*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

Tony Webster's fourth claim is brought under the same federal law, the Civil Rights Act of 1964, against the Illinois State Police. In this claim, Webster alleges that he was given a letter of reprimand in retaliation for filing a complaint of discrimination.

To determine if Webster was retaliated against by being given a letter of reprimand because he filed a complaint, you must decide that the Illinois State Police would not have suspended him had he not complained, but everything else remained the same.

If you find that Tony Webster has proved this by a preponderance of the evidence, then you must find for him as to his fourth claim. However, if you find that he did not prove this by a preponderance of the evidence, then you must find for the Illinois State Police.

Webster 19
*7th Cir. Pattern 3.02 (modified)*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

If you find that Tony Webster has proved any of his claims against the Illinois State Police, then you must determine what amount of damages, if any, Webster is entitled to recover. Webster must prove his damages by a preponderance of the evidence.

If you find that Webster has failed to prove any of his claims, then you will not consider the question of damages.

Webster 20
*7th Cir. Pattern 3.09 (modified)*

Withdrawn _____   Given _____   Given as Modified _____   Refused _____   Reserved _____

You may award compensatory damages only for injuries that Tony Webster has proved by a preponderance of the evidence were caused by the wrongful conduct of the Illinois State Police. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits.

You should consider the following types of compensatory damages, and no others:

The mental or emotional pain and suffering that Webster has experienced. No evidence of the dollar value of mental or emotional pain and

suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Webster for the injury she has sustained.

If you return a verdict in Webster's favor, but he has failed to prove compensatory damages, then you must award nominal damages of $1.00.

Webster 21
*7th Cir. Pattern 3.10 (modified)*

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

# Verdict Form

1. As to Tony Webster's first claim of retaliation alleging his placement on an EAP was retaliatory, we find in favor of:

Tony Webster:_____       Illinois State Police:_____
                    (Choose One)

2. As to Tony Webster's second claim of retaliation alleging his ratings were downgraded because of his complaint, we find in favor of:

Tony Webster:_____       Illinois State Police:_____
                    (Choose One)

3. As to Tony Webster's third claim of retaliation alleging his suspension was retaliatory, we find in favor of:

Tony Webster:_____       Illinois State Police:_____
                    (Choose One)

4. As to Tony Webster's fourth claim of retaliation alleging the letter of reprimand was retaliatory, we find in favor of:

Tony Webster:_____       Illinois State Police:_____
                    (Choose One)

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____

*If you find for the Illinois State Police as to questions 1, 2, 3 & 4, sign this form and do not answer the other questions. If you find in Webster's favor, answer the following questions.*

5. What amount would fairly compensate Tony Webster for the mental or emotional pain he experienced as a result of the actions of the Illinois State Police?

Answer: $_____

Sign, date, and return this Verdict Form.

Dated this _____ day of _____, 2025

_____
Foreperson

_____

_____          _____

_____          _____

_____          _____

Withdrawn _____    Given _____    Given as Modified _____    Refused _____    Reserved _____