IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LOUIS WEBSTER, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:20-3067-EIL |
| ILLINOIS STATE POLICE, | ) |
| Defendant. | ) |

**FINAL PRE-TRIAL ORDER**

This matter came before the Court for a final pre-trial conference that was held pursuant to Fed.R.Civ.P. 16 and Local Rule 16.3 on January 21, 2025. The Plaintiff, Louis Webster ("Webster"), was represented by his counsel of record, John A. Baker. The Defendant, Illinois State Police (the "ISP"), was represented by its attorney, Robert Hogue. The following action took place:

**I.      Nature of Case**

This is an action brought pursuant to 42 U.S.C. § 2000e–3(a) wherein Webster alleges he was retaliated against by his employer, the Illinois State Police ("ISP"). Specifically, Webster alleges he was subjected to retaliation when he was placed on a performance improvement plan (EAP), when he received negative ratings regarding the performance of job duties, when he was suspended for 15 days, and when he received a letter of reprimand.

Defendant denies all allegations of retaliation against Webster and deny the facts as alleged.

## II. JOINT STATEMENT

**A.    JURISDICTION**

This is an action brought pursuant to 42 U.S.C. § 2000e–3(a). The jurisdiction is invoked under Section 28 U.S.C. § 1331. The jurisdiction of the Court is not disputed.

**B.    STATEMENT OF THE CASE**

Federal law prohibits employers from retaliating against employees who engage in certain activities, including filing internal and external complaints of discrimination. Tony Webster is employed by the Illinois State Police. Webster engaged in protected activity when he filed internal complaints of discrimination. Webster maintains that he was retaliated against for filing those complaints. The Illinois State Police denies that it retaliated against him and maintains it had a legitimate justification for its actions towards Webster.

**B.    UNCONTESTED ISSUES OF FACT**

1. At all times relevant to the Complaint, Webster was employed by ISP.

2. On January 24, 2019, Webster was placed on an Employee Assistance Plan ("EAP").

**C.    CONTESTED ISSUES OF FACT**

1. Whether ISP retaliated against Webster by:

    a. Placing him on an EAP;

    b. Giving him a poor performance evaluation in 2019 covering the year of 2018;

    c. Suspending him for 15 days; and

    d. Issuing a letter of reprimand.

**D.    CONTESTED ISSUES OF LAW**

1. Whether Plaintiff may submit a retaliation claim against Defendant ISP to the jury;

2. Whether Webster is entitled to damages.

   a. While whether or not Webster is entitled to damages may be an issue for the jury, the parties agree that the issue of economic damages (back pay/benefits and front pay/benefits) are equitable issues that should be decided by the Court and not by a jury. The parties agree that if Webster is successful as to the issue of liability, the Court should determine the issue of economic damages in a hearing or briefing conducted after the jury trial. *See Morris v. BNSF Ry. Co.*, 969 F.3d 753, 767 (7th Cir. 2020). It is also agreed that should Webster be successful in his claim, the parties will submit supplemental lists of exhibits to be used to determine economic damages.

E. **JURY DEMAND**

Plaintiff requests a trial by jury.

### III.    PLAINTIFF'S STATEMENT

A. **Statement of Damages**

Webster seeks damages for lost wages and emotional distress/harm. He also seeks an award of attorney fees should he prevail. The parties agree that the issue of economic damages is one for the Court to decide should Webster prevail on the issue of liability. For that reason, the parties agree that any damages calculation or exhibits would be submitted later should it be necessary to do so.

### IV.    EXHIBITS ATTACHED

Each party will submit its witness list and exhibit list prior to the Final Pre-Trial Conference.

## V.     GENERAL ADDITIONAL

It is understood by the parties that:

1. The parties do not anticipate filing any trial briefs or additional motions *in limine*.

2. A party may supplement their list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other party before trial, except that, upon the development of testimony reasonably shown to be unexpected, either party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice to the other party.

3. It is mutually estimated that the length of this trial will not exceed three full days. Jury selection shall commence on February 10, 2025, at 9:00 a.m.

4. This pre-trial order may be modified at the trial of the action or prior thereto to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

5. The parties do not seek to call any medical providers.

6. Each party reserves the right to offer into evidence any depositions or portions thereof as provided for under Federal Rule of Civil Procedure 32.

7. The parties previously submitted proposed jury instructions to the Court. Any additional proposed jury instructions shall be submitted to the Court no later than the charging conference or otherwise as permitted by Rule 51. Further, there is reserved to counsel for the respective parties the right to submit supplemental proposed jury instructions during the course of the trial or at the conclusion of the evidence as the evidence might dictate.

Respectfully submitted,

| | |
|---|---|
| /s/ John A. Baker<br>John A. Baker<br>Attorney for Plaintiff<br>Baker, Baker & Krajewski, LLC<br>415 South Seventh Street<br>Springfield, Illinois 62701<br>T:     (217) 522-3445<br>F:     (217) 522-8234<br>E:     jab@bbklegal.com | /s/ Robert Hogue (with consent)<br>Robert Hogue<br>Attorney for Defendant<br>Assistant Attorney General<br>500 South Second Street<br>Springfield, Illinois 62701<br>T:     (217) 782-5819<br>F:     (217) 524-5091<br>E:     Robert.hogue@ilag.gov |

        IT IS SO ORDERED.

                                          s/ERIC I. LONG
                                          JUDGE ERIC I. LONG

        ENTERED: this 21st day of January, 2025.