E-FILED
Thursday, 13 February, 2025  03:15:25 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division



LOUIS WEBSTER,

      Plaintiff,

v.

      Case No. 20-3067

ILLINOIS STATE POLICE,

      Defendant.

COURT'S PROPOSED JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow prejudice to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

In the beginning of this trial, and during the trial itself, I listed facts to which the parties have stipulated, or agreed. You must treat these fact as having been proved for the purpose of this case.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

During this trial, I have asked a witness a question myself. Do not assume that, because I asked questions, I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You have heard evidence about whether Defendant's conduct complied with or violated an internal policy, state statute or an administrative rule.

You may consider this evidence in your deliberations. But remember that the issue is whether Defendant retaliated against Plaintiff for filing a complaint of discrimination, not whether statute, rule, procedure, or regulation might have been complied with or violated.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

It is proper for a lawyer to meet with any witness in preparation for trial.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

In this case, Plaintiff has four separate claims against Defendant. You must give separate consideration to each claim in this case. Although there are four separate claims, it does not follow that if one is successful, the others are, too.

Plaintiff claims that Defendant retaliated against him because he filed a discrimination complaint. Specifically, he claims that Defendant took the following adverse actions against him:

1)    placed him on an Employee Action Plan ("EAP");

2)    gave him a negative performance evaluation;

3)    temporarily suspended him from employment; and

4)    issued him a letter of reprimand.

To succeed on this claim of retaliation, Plaintiff must prove by a preponderance of the evidence that Defendant took at least one of these adverse actions against him because he filed a discrimination complaint.

To determine that Plaintiff was placed on an EAP, given a negative performance evaluation, suspended, or given a letter of reprimand because he filed a discrimination complaint, you must decide that Defendant would not have taken that particular adverse action against Plaintiff if he had not filed the discrimination complaint but everything else had been the same.

If you find that Plaintiff has proved this as to any one of these alleged adverse actions by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this as to all the alleged adverse actions by a preponderance of the evidence, then you must find for Defendant.

If you find that Plaintiff has proved any of his claims against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove all his claims, then you will not consider the question of damages.

You may award compensatory damages only for injuries that Plaintiff has proved by a preponderance of the evidence were caused by Defendant's wrongful conduct.

Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

In calculating damages, you should not consider the issue of lost wages and benefits. The court will calculate and determine any damages for past or future lost wages and benefits. You should consider the following types of compensatory damages, and no others:

> The mental or emotional pain and suffering that Plaintiff has experienced. No evidence of the dollar value of mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injury he has sustained.

If you return a verdict in Plaintiff's favor, but he has failed to prove compensatory damages, then you must award nominal damages of $1.00.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdicts have been prepared for you. Let me read them to you.

You will take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

<u>Verdict Form</u>

We, the jury, find as follows:

1. As to Plaintiff's claim that he was placed on an EAP because of his discrimination complaint, we find in favor of:

    Plaintiff:_____        Defendant:_____
             (Choose One)

2. As to Plaintiff's claim that he received a negative performance evaluation because of his discrimination complaint, we find in favor of:

    Plaintiff:_____        Defendant:_____
             (Choose One)

3. As to Plaintiff's claim that he was suspended because of his discrimination complaint, we find in favor of:

    Plaintiff:_____        Defendant:_____
             (Choose One)

4. As to Plaintiff's claim that he received a letter of reprimand because of his discrimination complaint, we find in favor of:

    Plaintiff:_____        Defendant:_____
             (Choose One)

*If you find for Defendant, sign this form and do not answer the other questions. If you find in Plaintiff's favor, answer the following question.*

What amount would fairly compensate Plaintiff for the mental or emotional pain he experienced as a result of the actions of the Defendant?

                    Answer: $_____

Sign, date, and return this Verdict Form.

Dated this _____ day of _____, 2025.

_____    _____
Foreperson

_____    _____

_____    _____

_____    _____

_____    _____